**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**COVINGTON SPECIALTY INSURANCE COMPANY** **PLAINTIFF**

**VS.** **CAUSE NO. 1:26cv334 HSOBWR**

**GULF COAST PEST CONTROL, LLC
BOBBY AND MARCIA MEREDITH,
COLLEEN KELLY, MICHAEL BRYANT** **DEFENDANTS**

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Covington Specialty Insurance Company ("Covington"), files its Complaint for Declaratory Judgment, and would respectfully show unto the court the following:

## I. NATURE OF ACTION

1.

This is a civil action for a declaratory judgment and policy rescission arising from Covington's issuance of (1) the insurance policy bearing policy number VBA897917 00 for the policy period of January 6, 2023 to January 6, 2024; (2) the insurance policy bearing policy number VBA960930 00 for the policy period of January 6, 2024 to January 6, 2025; (3) the insurance policy bearing policy number VBB145583 for the policy period of January 6, 2025 to January 6, 2026; and (4) the insurance policy bearing policy number VBB210434 for the policy period of January 6, 2026 to January 6, 2027. True and correct copies of these policies are attached hereto as Exhibits A, B, C, and D, respectively, and the terms thereof are incorporated by reference herein. These policy years will sometimes be collectively referred to herein as the "Policy."

2.

Covington seeks a declaration that the Policy provides no coverage for certain claims

made against its insured, Gulf Coast Pest Control LLC ("Gulf Coast"), by Bobby and Marcia Meredith, Colleen Kelly, and Michael Bryant (collectively, "Claimants"), as set forth more fully below. Because the Policy provides no coverage for the claims asserted by Claimants, Covington is entitled to a declaratory judgment that its Policy provides no such coverage. Covington also seeks a declaratory judgment rescinding the Policy for all policy periods.

## II. THE PARTIES

3.

Covington is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in Georgia.

4.

Gulf Coast Pest Control LLC is a Mississippi Limited Liability Company with its principal place of business in Kiln, Mississippi, and may be served through its registered agent, Sheila Moran, 18516 Old Joe Moran Road, Kiln, Mississippi 39556. The only members of Gulf Coast are Philip Moran, Sheila Moran, and Trevor Bennett, who are all residents of Kiln, Mississippi. Therefore, for purposes of diversity jurisdiction Gulf Coast is a resident of Mississippi.

5.

Bobby and Marcia Meredith are adult resident citizens of Mississippi who reside and may be served with process at their resident address, 13713 Doc Lizana Road, Gulfport, Mississippi.

6.

Collen Kelly is an adult resident citizen of Mississippi who resides and may be served with process at her resident address, 724 Malpass Landing, Biloxi, Mississippi.

7.

Michael Bryant is an adult resident citizen of Mississippi who resides and may be served with process at his resident address, 6400 Palmetto Pointe Drive, Ocean Springs, Mississippi.

8.

There is, therefore, complete diversity of citizenship between Covington and the Defendants.

## III. JURISDICTION AND VENUE

9.

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as the matter in controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000. The amount in controversy is satisfied because in a declaratory judgment action such as this, the amount in controversy is determined from the monetary value of the insurer's potential indemnity and defense liability arising from the underlying claims. The Policy has an Each Occurrence Limit of $1,000,000, and the claimants have submitted claims far in excess of $75,000.

10.

As further evidence that the amount in controversy is satisfied, claimants Bobby and Marcia Meredith have submitted a demand of $525,000. Exh. E.

11.

The amount in controversy is also satisfied as to Colleen Kelly. Kelly filed a Complaint seeking damages for the "destruction of her home" due to extensive termite damage. Exh. F at ¶41. While Kelly's Complaint does not allege a specific dollar figure, she alleges that her home sustained extensive termite damage to the living room, two guest bedrooms, master bedroom,

master closet, master bathroom, and garage door. *Id.* at ¶18. Further, Kelly alleges that the defendants committed fraud and seeks damages for the repair and restoration of her home, emotional distress, attorneys' fees, pre-judgment and post-judgment interest, plus extracontractual and punitive damages. *Id.* at ¶108. Thus, the amount in controversy is satisfied as to Kelly. *See Montgomery v. First Family Fin. Servs.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (Amount in controversy was satisfied where the plaintiff alleged fraudulent conduct and demanded punitive damages, attorneys' fees, and prejudgment interest); *White v. FCI USA, Inc.*, 319 F. 3d 672 (5th Cir. 2003).

12.

Michael Bryant has also asserted a claim for property damage to his home caused by termites. Exh. K. Upon information and belief, the value of Bryant's home is significantly more than $75,000, and he seeks damages in excess of $75,000.

13.

Further, the amount in controversy is satisfied as to all defendants because the amount in controversy is measured by the potential amount of the overall duty to defend and indemnify under the Policy. As stated above, the Policy has an Each Occurrence Limit of $1,000,000, and the Claimants' claims are far in excess of $75,000. Thus, Covington's total potential exposure under the Policy greatly exceeds $75,000.

14.

Alternatively, this Court should exercise supplemental jurisdiction over the claims of Colleen Kelly and Michael Bryant pursuant to 28 U.S.C. § 1367. Claimants Bobby and Marcia Meredith have independently satisfied the amount in controversy requirement, and the claims of Colleen Kelly and Michael Bryant are so related to the Merediths' claim that they form part of

the same case or controversy. With respect to the insurance proceeds, the claims of Claimants arise under the same insurance contract, involve substantially related claims involving property damage caused by termites, seek the same insurance coverage that is subject to an aggregate limit, and will involve the same legal issues.

15.

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district. The Policy was issued in Mississippi to a Mississippi insured with the majority of its operations in Mississippi.

16.

Plaintiff is entitled to declaratory relief in accordance with 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.

## IV. THE POLICY

17.

On or about January 6, 2023, Philip Moran, as an authorized agent, owner, and/or corporate representative of Gulf Coast, completed and signed an application for insurance coverage on behalf of Gulf Coast, which included a Pest Control Services Supplemental Application. *See* Exhibits G and H. The Supplemental Application asked the percentage of Gulf Coast's work that is "termite inspection without treatment" and "termite treatment." Exh. H. Philip Moran represented that termite inspection without treatment and termite treatment were "not done," and that one hundred percent of Gulf Coast's operations involved exterminating. *Id*. These representations that Gulf Coast provided no termite inspections or treatments were repeated in the 2024 Policy application. Exh. I.

18.

In reliance upon these representations in the 2023 application, Covington issued the 2023 policy, Policy No. VBA897917 00. Exh. A.

19.

Gulf Coast's representations on the 2023 Supplemental Application that Gulf Coast's operations did not involve termite inspections or termite treatment were false. Gulf Coast was regularly performing termite inspections and treatment during the Policy years of 2023, 2024, 2025, and 2026.

20.

Claimants have all asserted claims for termite damage that occurred to their homes during one or more of the Policy periods.

21.

Gulf Coast's representations that it did not perform termite inspections and treatment were material and false. If Gulf Coast had truthfully disclosed that its operations involved termite inspections and treatment, Covington would not have issued the 2023 policy. Covington detrimentally relied upon Gulf Coast's misrepresentations that it performed no termite inspections or treatment. Moreover, Covington was unaware that Gulf Coast was performing termite inspections and treatment, and at no time did Gulf Coast notify Covington that Gulf Coast was performing termite inspections and treatment.

22.

Further, if Gulf Coast had truthfully disclosed that its operations involved termite inspections and treatment, Covington would not have issued the subsequent 2024, 2025, or 2026 policies.

23.

In addition, the 2024, 2025, and 2026 policies each included a Pest Control Services exclusion that specifically excludes coverage for property damage arising out of termite control. Exh. J.

## V. THE UNDERLYING CLAIMS

24.

Covington repeats and realleges the allegations of the preceding paragraphs.

25.

Each of the Claimants alleges that their homes sustained termite damage during one or more of the Covington policy periods due to the failure of Gulf Coast to perform appropriate termite control services.

26.

The Merediths assert that they entered into a termite treatment contract with Gulf Coast in 2023, and that termite damage was discovered in May of 2025. Exh. E.

27.

Kelly alleges that she entered into a termite treatment contract with Gulf Coast on May 26, 2023, and that termite damage was discovered in July of 2024 and in 2025. Exh. F at ¶¶10, 12, 17.

28.

Bryant asserts that his home sustained termite damage in March of 2023. Exh. K.

## VI. DECLARATORY JUDGMENT

29.

Covington repeats and realleges the allegations of the preceding paragraphs.

30.

An actual, substantive, and justiciable controversy exists between the parties concerning the existence of coverage under the Policy. The parties accordingly have a direct, substantial, and present interest in a declaratory judgment.

31.

Covington is entitled to a declaratory judgment that its Policy, including all Policy periods, is void *ab initio*, voidable, and/or that the Policy should be rescinded and/or cancelled due to material misrepresentations in the application. Specifically, Gulf Coast represented in the Policy application that it did not provide termite inspections or treatment. Covington reasonably relied upon this misrepresentation and would not have issued the 2023 Policy or any subsequent policies if it has been aware that Gulf Coast provided termite control services.

32.

Covington is entitled to a declaratory judgment that its Policy, including all Policy periods, provides no coverage for any of the claims asserted by Claimants due to the material misrepresentations in the Policy applications.

33.

Further and alternatively, Covington is entitled to a declaratory judgment that the 2024, 2025, and 2026 Policy periods provide no coverage, because all claims and alleged damages arise out of termite control and are thus excluded by the Pest Control Services exclusion.

34.

Pursuant to the terms, conditions, and exclusions of the Policy, Covington is entitled to a declaration that it does not have any defense, indemnity, or other coverage obligations under the Policy with respect to the claims asserted by Claimants, including the lawsuit filed by Kelly, for

all the reasons set forth herein.

## REQUEST FOR RELIEF

WHEREFORE, Covington respectfully requests judgment in its favor and against the defendants herein, and asks that the Court to:

1. Enter judgment in favor of Covington by declaring that Covington does not have any defense or indemnity obligations under the Policy with respect to the claims asserted by Claimants, including the lawsuit filed by Kelly;

2. Enter judgment in favor of Covington by declaring that the Policy, including all Policy periods, is void *ab initio*, voidable, and/or that the Policy should be rescinded and/or cancelled due to material misrepresentations in the application.

3. Award to Covington its attorney fees and costs incurred in connection with this suit; and

4. Award such other relief as is just and proper, including but not limited to Covington's recoverable court costs in this declaratory judgment action.

Respectfully submitted,

COVINGTON SPECIALTY INSURANCE COMPANY

BY: */s/ Tom Julian*
OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
214 KEY DRIVE, SUITE 2000
POST OFFICE BOX 2483
MADISON, MISSISSIPPI 39130-2483
TELEPHONE: 601-969-7607
FACSIMILE: 601-969-1116

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Tom Julian*